UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
SALVATORE LAURIOLA,                 :
                                    :
                  Petitioner,       :   05 Civ. 3967 (DLC)
                                    :
        -v-                         :   MEMORANDUM OPINION
                                    :        AND ORDER
FREDERICK MENIFEE, Warden, in his   :
official capacity,                  :
                                    :
                  Respondent.       :
                                    :
------------------------------------X

DENISE COTE, District Judge:

Pro se petitioner Salvatore Lauriola, a federal prisoner sentenced on November 18, 2004 to a prison term of forty-four months and five years of supervised release, has brought this petition pursuant to 28 U.S.C. § 2241 to challenge the policy of the Bureau of Prisons ("BOP"), in existence since December 2002, not to consider prisoners for designation to a community corrections center ("CCC") until the last ten percent of their prison terms, not to exceed six months (the "December 2002 Policy). Prior to December 2002, the BOP considered an inmate eligible for six months of community confinement even if six months constituted more than ten percent of his term of imprisonment. Sanders v. Menifee, No. 04 Civ. 1483 (DLC), 2004 WL 1562734, at *1 (S.D.N.Y. July 13, 2004). Numerous courts, in this district and elsewhere, ruled that the December 2002 Policy, which was issued by the BOP in the form of a memorandum, reflected an erroneous interpretation by the BOP of its own

authority under 18 U.S.C. § 3621(b). See Pinto v. Menifee, No. 04 Civ. 5839 (MHD), 2004 WL 3019760, at *4 (collecting authority); id. at *2 (describing the issuance of the 2002 policy). The BOP adopted the December 2002 Policy after it was advised by the U.S. Department of Justice that another provision, 18 U.S.C. § 3624(c), imposed the ten-percent limitation, see Pinto, 2004 WL 3109760, at *4, an interpretation that may well have been erroneous.

New BOP regulations (the "February 2005 Regulations") replaced the December 2002 Policy on February 14, 2005. See 28 C.F.R. §§ 570.20 - .21.[1] It is these new regulations that petitioner challenges on the ground that they misconstrue the

---

[1] The new regulations are as follows:

> This subpart provides the [BOP's] categorical exercise of discretion for designating inmates to community confinement. The [BOP] designates inmates to community confinement only as part of pre-release custody and programming which will afford the prisoner a reasonable opportunity to adjust to and prepare for re-entry into the community.

28 C.F.R. § 570.20(a).

> (a) The [BOP] will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months.
> (b) We may exceed these time-frames only when specific [BOP] programs allow greater periods of community confinement, as provided by separate statutory authority . . . .

28 C.F.R. § 570.21.

2

BOP's authority under § 3621(b) because they do not take into account the factors enumerated in the statute.[2] The February 2005 Regulations, like the December 2002 Policy, provide that an inmate is only eligible for confinement in a CCC for the last ten percent of his prison term, not to exceed six months. Petitioner argues that the statute requires the BOP to make an

---

[2]The statute provides:

The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering --
    (1) the resources of the facility contemplated;
    (2) the nature and circumstances of the offense;
    (3) the history and characteristics of the prisoner;
    (4) any statement by the court that imposed the sentence --
        (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
        (B) recommending a type of penal or correctional facility as appropriate; and
    (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status. The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another. . . .

18 U.S.C. § 3621(b).

individualized determination for every inmate, and that a categorical rule is therefore impermissible.[3]

As the Honorable Gerard E. Lynch noted in a recent Opinion considering a similar petition, the February 2005 Regulations "acknowledge the BOP's unlimited discretion to designate prisoners for CCC placement at any point during their sentence under 18 U.S.C. § 3621(b) -- thus remedying the interpretation of 18 U.S.C. § 3624(c) as limiting that discretion." Troy v. Apker, No. 05 Civ. 1306 (GEL), 2005 WL 1661101, at *1 (S.D.N.Y. June 30, 2005). Moreover, in formulating the regulations, the BOP considered two of the factors enumerated in § 3621(b), facility resources and the policy statements of the Sentencing Commission, as well as the statute's prohibition of favoritism toward prisoners of high social or economic status. See id. at *2 (citing Community Confinement, 69 Fed. Reg. 51,213, 51,214 (proposed Aug. 18, 2004)). Judge Lynch reasoned that "[b]y implication, the BOP has determined that those factors categorically outweigh any of the other factors in § 3621(b) which might tend toward earlier CCC placement in an individual

---

[3] Petitioner's reply brief additionally argues that the February 2005 Regulations violate the Ex Post Facto Clause of Article I of the Constitution. The argument was not raised in the original petition, and in any event, it is without merit, as the new regulations do not increase an inmate's term of imprisonment, but merely concern the inmate's placement in a particular facility, a determination that has long been committed to the discretion of the BOP.

4

case." Id. As such, the February 2005 Regulations "are valid because they represent the permissible, categorical exercise of the discretion statutorily granted to the BOP." Id. at *3. This Memorandum Opinion hereby adopts the entirety of Judge Lynch's persuasive reasoning in Troy.

In support of his contention that the BOP must make an individualized determination taking into account the enumerated factors in determining where to place an inmate, petitioner emphasizes that § 3621(b) contains a directive stating that the BOP "shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b) (emphasis supplied). It should be noted, however, that the sentence introducing the factors is a "may" construction: "The Bureau may designate any available penal or correctional facility . . . that the Bureau determines to be appropriate and suitable, considering [the factors]." Id.; see also Pinto, 2004 WL 3019760, at *11. Whether or not the February 2005 Regulations represent, as petitioner claims, "a thinly veiled attempt to establish the same result as the [December 2002 Policy]," the BOP has not overstepped its statutory authority. Accordingly, it is hereby

ORDERED that the petition is denied. The Clerk of Court shall dismiss this petition. Because reasonable jurists have resolved this issue differently, see Troy, 2005 WL 1661101, at *1 (collecting cases), Lauriola is granted a Certificate of

5

Appealability. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED:

Dated:   New York, New York
         August 12, 2005

                                    _____
                                            DENISE COTE
                                    United States District Judge